ATLANTIC COAST LINE RAILROAD COMPANY v. GEORGE C. MOORE.

181 So. 175.

En Banc.

Opinion Filed April 28, 1938.

Rehearing Denied May 27, 1938.

508

*W. E. Kay, R. A. Burford, Fred D. Bryant* and *Thomas B. Adams,* for Plaintiff in Error;

*Fielding & Duncan,* for Defendant in Error.

PER CURIAM.—Defendant in Error, George C. Moore, was on August 2, 1935, a member in good standing of the Relief Department of the Atlantic Coast Line Railroad Company. The purpose of its Relief Department was to

provide a rate of compensation for any member thereof in the event of "accident or sickness."

On the date last mentioned, George C. Moore sustained injuries while on duty in the yards of the plaintiff in error at High Springs, Florida. Under his Relief Department contract, he was entitled to be paid one dollar per day for fifty-two weeks, which amount was paid from the date of his injury to December 31, 1935. On January 1, 1936, Moore brought a common law action against the Atlantic Coast Line Railroad Company to recover damages for permanent injury and total disability inflicted upon him as a result of the injury of August 2, 1935. For further particulars as to this action, see Atlantic Coast Line Railroad Company v. Moore, decided this date. No relief benefits were paid after it was brought.

The instant action was brought August 17, 1936, to recover a balance alleged to be due George C. Moore as relief benefits by virtue of his membership in the Relief Department of the plaintiff in error at the time of his injury August 2, 1935, the amount claimed being $216.00 with interest at eight per cent. Following much pleading, not essential to detail, the cause came on to be heard on plaintiff's demurrer to defendant's pleas to the declaration. The demurrer was sustained and defendant announcing that it would not plead further, final judgment was entered for the plaintiff to which the instant writ of error was prosecuted.

The declaration was grounded on the contract between plaintiff and defendant enabling employees of the latter to participate in the funds of its Relief Department in the event of "accident or sickness." There were four pleas to the declaration, the first being predicated on variance between the declaration and the contract as actually made. The second was predicated on the charge that when plain-

tiff brought his personal injury action January 1, 1936, he thereby voluntarily left the service of the defendant and under his contract, he forfeited any right to be paid further sums from its Relief Department. The third plea was grounded on the charge that the medical examiner of the Relief Department had determined that plaintiff was on January 1, 1936, so far recovered that he was able to go back to work, that he was duly notified of this determination, but that he refused to return to work or to appeal from the decision of the medical examiner by reason of which he forfeited any further claims on the Relief Department. The fourth plea was grounded on the refusal of the plaintiff to submit to medical examination by the defendant as his contract required by reason of which he forfeited any claim he might have on the Relief Department. Plaintiff in error contends that the order of the trial court sustaining its demurrer to these plans was as to each of them, erroneous.

In fine, plaintiff in error urges the provisions of Moore's contract with its Relief Department as a bar to recovery in this action. It is also urged that said contract is limited to compensation for "accident and sickness" and does not cover negligence for which compensation is here claimed, that said contract was made in North Carolina and the decisions of the Supreme Court of that State should control its interpretation and they have upheld it as against such attacks.

These contentions are all very thoroughly and ably presented in the brief of plaintiff in error and ordinarily might be upheld except for Section 7054, Compiled General Laws of 1927, which in effect provides that when any corporation shall maintain a relief department for the benefit of its employees, it shall not be relieved of liability for negligence because they (employees) have contributed to and have been members of such relief department, but they

shall be entitled to demand, sue for, and recover any benefit that they may be entitled to receive by reason of having been a member of or contributed to said relief department. The right is also given employees to bring suit against such corporation, person, or association to recover for injury suffered by the negligence thereof and any contract stipulation, or provision in violation of this section is declared null and void.

We do not as a general proposition approve the contention that compensation for "accident and sickness" would not cover compensation for negligence. Facts might arise in which such would be the case, but to hold that "accidents" are never induced by the negligence of anyone is further than we are willing to go. As to the contention that the contract in question was made in the State of North Carolina and its interpretation should be controlled by the decisions of the Supreme Court of that State, it is sufficient to say that if we were concerned with a statute adopted from that State, this contention would be sound, but it does not follow where we are confronted with a statute of this State which affects contracts made in this or other states. The statute does no more than declare the public policy of the State with reference to such contracts and this the Legislature was empowered to do. It is not shown to be in violation of organic law or for other reasons beyond the power of the Legislature to enact. We are not unmindful of the rule that the law of the place where it is made may determine the construction of a contract, but the rule is far from universal and is not applicable where as here a State statute intervenes or where the contract was intended by the parties to be executed in another State.

Having reached this conclusion, it becomes unnecessary to pursue the matter further. The action was warranted by the statute and no reversible error is made to appear.

512

Affirmed.

Whitfield, Terrell, Buford and Chapman, J. J., concur.

Brown, J., concurs in the conclusion.

Ellis, C. J., dissents.